IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:09-cr-00855-TLW-7 |
| v. | **Order** |
| David Damont Ward | |

This matter is before the Court on Defendant's motion for reconsideration of the Court's order denying his motion pursuant to 18 U.S.C. § 3582 and Amendment 782 to the sentencing guidelines. In that order, the Court denied his motion because he had been sentenced pursuant to a Rule 11(c)(1)(C) agreement to 173 months incarceration, rather than the guidelines.[1]

In his motion to reconsider, Defendant asserts that his sentence was, in fact, based on the guidelines and that he is therefore entitled to a reduction pursuant to *Freeman v. United States*, 131 S. Ct. 2685 (2011).[2] He bases this assertion on a letter he received from his attorney prior to the resentencing and the transcript from the resentencing hearing. The letter and hearing transcript indicate that the parties agreed on 173 months by splitting the difference between what would happen if the Government prevailed on its argument at resentencing and what would happen if Defendant prevailed on his argument.[3] However, this apparent foundation for the (C) agreement

---

[1] He received that sentence at his second resentencing. He was initially sentenced to 288 months, then was resentenced under the Fair Sentencing Act to 216 months, and then was up for a second resentencing after the Fourth Circuit remanded the case to this Court as a result of its decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

[2] Justice Sotomayor's concurrence is the controlling opinion in *Freeman* because it is the narrowest ground upon which five justices implicitly agreed. *See United States v. Brown*, 653 F.3d 337, 340 and n.1 (4th Cir. 2011).

[3] The issue at the resentencing was whether or not his five prior burglary convictions counted as a career offender predicate offense. If they did count, then he would be classified as a career

1

was not set forth in the supplemental plea agreement, which simply states that the parties "agree that the appropriate disposition of this case is that the Defendant be sentenced to a term of 173 months of incarceration . . . ." ECF No. 525.

The Court concludes that Defendant is not entitled to relief under *Freeman*, as Justice Sotomayor was explicit in limiting the exception to when (a) the parties agree that a sentence within a specific guideline range is the appropriate disposition of the case; or (b) the basis for a specified term of imprisonment is a particular guideline range *and* that range is evident from the agreement itself. *See Freeman*, 131 S. Ct. at 2697–98 and n.2 (Sotomayor, J., concurring).

Additionally, even if Defendant were eligible for a reduction pursuant to *Freeman*, the Court would decline to reduce his sentence by exercising its discretion under § 3582(c)(2). This conclusion is based on a consideration of relevant caselaw and the factors set forth in Application Note 1(B) of § 1B1.10 (including the § 3553(a) factors), including the significant drug weight for which he was held accountable and public safety considerations based on the violence and danger associated with the instant offense conduct and his prior criminal history, which includes a juvenile adjudication for crack possession and adult convictions for five burglaries and associated larcenies, two ABHANs (one related to the instant offense and the other unrelated), and an attempted robbery. *See United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013); *United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000); *see also United States v. Lincoln*, 623 F. App'x 606 (4th Cir. 2015) (affirming this Court's denial of an Amendment 782 motion based on similar reasons). Accordingly, even if he were eligible for a reduction under *Freeman*, the Court would exercise its discretion and decline to reduce his sentence. His motion for reconsideration, ECF No. 595, is therefore **DENIED**.

---

offender, and if they did not count, he would not be so classified.

3

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 8, 2016
Columbia, South Carolina