IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Damont Ward,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:09-cr-00855-TLW-7<br>C/A No. 4:16-cv-00634-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner David Damont Ward. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 288 months imprisonment. ECF No. 291. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Ward*, 439 F. App'x 258 (4th Cir. 2011).

Petitioner was then resentenced pursuant to the Fair Sentencing Act to 216 months imprisonment. ECF No. 459. He filed a direct appeal, and in light of several intervening decisions by the Supreme Court and Fourth Circuit, the Government and he agreed to a remand and resentencing.

After the remand, the parties entered into a supplemental plea agreement in which they agreed to a sentence of 173 months imprisonment pursuant to Rule 11(c)(1)(C). ECF No. 525. On September 10, 2014, the Court imposed the agreed-upon sentence. After the sentencing, he signed a court-approved document that stated, "I have been notified by the court of my right to

1

appeal and that I must do so within fourteen (14) days of the entry of the judgment. I have discussed this right with my attorney," and he checked the box stating "I do not want to appeal." ECF No. 532. Judgment was entered on September 16, 2014. ECF No. 534. No appeal was filed.

On February 22, 2016,[1] Petitioner filed this petition under 28 U.S.C. § 2255, stating one ground for relief: that his counsel was ineffective for failing to file a direct appeal after Petitioner requested that he do so. ECF No. 632. The Government filed a Response to Petitioner's § 2255 petition and a Motion to Dismiss, asserting that the petition should be dismissed as untimely, ECF No. 648, and he then filed a response to the Government's motion, ECF No. 655.

This matter is now ripe for decision.

## II.  28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

### A. Timeliness under AEDPA

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of the latest of the following dates:

3

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

**1.	*§ 2255(f)(1)***

Petitioner's petition is untimely under § 2255(f)(1). His conviction became final almost eighteen months before he filed his § 2255 petition. Judgment was entered on September 16, 2014, so he had until September 30, 2014 to file a notice of appeal. Because he did not file an appeal, the judgment of conviction in his case became final on September 30, 2014, which is also the date the one-year limitations period began to run. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (applying *Clay* to conclude that a conviction becomes final for § 2255(f)(1) purposes when the fourteen-day period for filing a direct appeal to the circuit court runs).

Thus, under § 2255(f)(1), he had one year—until September 30, 2015—in which to file his petition. However, he did not file his petition until February 22, 2016. Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition. Accordingly, the Court concludes that his motion is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

The Court does not find that any triggering set forth in § 2255(f)(3) applies to this case. Petitioner does not allege, much less establish, that any right newly recognized by the Supreme Court applies to his case. Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(3).

### 4. *§ 2255(f)(4)*

To the extent Petitioner is arguing that his failure to recognize until shortly before he filed his petition that his counsel did not file a direct appeal is a fact affecting his case that he could not have previously discovered through the exercise of due diligence, the Court is not persuaded. This is particularly so given the facts that he signed the document at sentencing stating that he did not wish to appeal and that it took him about seventeen months to realize that no direct appeal had been filed. *See, e.g.*, *United States v. Hairston*, No. 4:05-cr-00022-1, 2008 WL 4809165, at *5–6 (W.D. Va. Nov. 4, 2008) ("The dispositive issue, then, is not the date upon which [the petitioner] actually discovered that no appeal had been filed but rather the date on which due diligence would have led to such a discovery. . . . . The fact that an appeal had not been filed is simply a matter of public record, which reasonable diligence could have unearthed." (citation omitted)); Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(4).

B.   **Equitable Tolling**

Construing Petitioner claim that he did not realize that an appeal had not been filed as an argument for applying the doctrine of equitable tolling does not change the outcome.

Though AEDPA's one-year statute of limitations is subject to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). There are generally two situations where equitable tolling could apply to a § 2255 petition: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

Neither of these situations is applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 petition. And for the reasons set forth above, his alleged lack of knowledge about the status of his appeal is not an extraordinary circumstance beyond his control that prevented him from filing his petition within the statute of limitations. Accordingly, the Court concludes that the doctrine of equitable tolling does not apply in this case.[2]

---

[2] Because the petition is time-barred under AEDPA, it is not necessary for the Court to resolve any factual dispute about whether or not Petitioner told his counsel to file a direct appeal, which would have otherwise been required under *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007).

## V. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 648, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 632, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 13, 2017
Columbia, South Carolina